UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS J. JOHNSON,

       Plaintiff,

   v.                         Case No. 21-10437
                                    Hon. George Caram Steeh

EAST TAWAS HOUSING
COMMISSION, *et al.*,

       Defendants.
_____/

ORDER GRANTING APPLICATION TO PROCEED
*IN FORMA PAUPERIS* AND DISMISSING COMPLAINT

Appearing pro se, Plaintiff Douglas J. Johnson filed a complaint and

application to proceed without prepayment of fees on February 8, 2021.

The court finds Plaintiff's application to proceed *in forma pauperis* to be

facially sufficient and, therefore, grants Plaintiff's motion to proceed without

prepayment of fees. *See* 28 U.S.C. § 1915(a); *Gibson v. R.G. Smith Co.*,

915 F.2d 260, 262 (6th Cir. 1990).

Once a court grants a plaintiff permission to proceed *in forma*

*pauperis*, it must review the complaint pursuant to 28 U.S.C. § 1915(e).

The court "shall dismiss" the case if the court finds that it is "(i) frivolous or

malicious; (ii) fails to state a claim on which relief may be granted; or (iii)

-1-

seeks monetary relief against a defendant who is immune from such relief."

28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 8(a)(2), a complaint must

contain "a short and plain statement of the claim showing that the pleader

is entitled to relief." Although this standard does not require "detailed

factual allegations," it does require more than "labels and conclusions" or

"a formulaic recitation of the elements of a cause of action." *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must allege facts

that, if accepted as true, are sufficient "to raise a right to relief above the

speculative level" and to "state a claim to relief that is plausible on its face."

*Id*. at 570. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79  (2009). "A

claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id*. at 678. Although pro se complaints

are liberally construed and held to a less stringent standard than those

drafted by attorneys, pro se litigants must nonetheless comply with the

basic pleading requirements of Rule 8. *Martin v. Overton*, 391 F.3d 710,

714 (6th Cir. 2004); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989).

Plaintiff filed a complaint using the court's standard form and attaches

several pages of documents and notes, which do not present a coherent

picture of his claim. The defendants are identified as the East Tawas

Housing Commission, City of East Tawas, Brent Barringer, James Miner, Anne Blackmore, and Doug Fleming. The "Statement of the Claim" section, which directs a plaintiff to "[w]rite a short and plain statement of the claim," is blank. ECF No. 1 at PageID at 5. In the "Relief" section, Plaintiff alleges that he suffered "acute kidney failure from toxic fumes in sec[tion] 8 building. . . . all because maintenance don't want to do job." *Id.* at PageID 6.

Attached to the complaint is another form complaint, submitted to the Michigan Department of Civil Rights. *Id.* at PageID 8. In that complaint, Plaintiff alleges that he is a resident of the Bay Park Tower North apartment complex. Plaintiff asserts that he has a disability and that the East Tawas Housing Commission denied him a reasonable accommodation. Specifically, Plaintiff alleges that he "put in several work orders asking respondent to adjust or replace my unit's door and the doors in the stairwell which are heavy, hard to open, and slam shut. I explained that my disability made it difficult to use these doors and that the slamming noise exacerbates my disability." *Id.* Plaintiff also alleges that Defendant's "failure to maintain the apartment's garbage chute exacerbates my disability" and that he requested that Defendant "clean the chute more often." *Id.* The Department of Civil Rights complaint alleges violations of the Michigan

-3-

Persons with Disabilities Civil Rights Act and the Fair Housing Act.
Plaintiff's complaint and Plaintiff's civil cover sheet also make passing
references to the Americans with Disabilities Act and Rehabilitation Act.
ECF No. 1 at PageID 4, 34.

Construing Plaintiff's complaint liberally, the court considers whether
he has stated a claim for relief under the FHA, ADA, or Rehabilitation Act.[1]
In general, the Fair Housing Act and the Americans with Disabilities Act
prohibit discrimination and require a housing provider to reasonably
accommodate a tenant's disability. *See* 42 U.S.C. § 3604(f) (FHA;
prohibiting discrimination based on "handicap," including "a refusal to make
reasonable accommodations in rules, policies, practices, or services, when
such accommodations may be necessary to afford such person equal
opportunity to use and enjoy a dwelling"); 42 U.S.C.A. § 12132 (ADA; "[N]o
qualified individual with a disability shall, by reason of such disability, be
excluded from participation in or be denied the benefits of the services,
programs, or activities of a public entity, or be subjected to discrimination
by any such entity."). The Rehabilitation Act provides that "[n]o otherwise

---

[1] The court focuses its analysis on Plaintiff's potential federal claims because if Plaintiff
cannot state a federal claim for relief, the court lacks subject matter jurisdiction over
this action. Nonetheless, its discussion of ADA requirements applies to the Michigan
PWDCRA because the statutes are "substantially similar." *See Briggs v. Delta Air Lines,
Inc.*, 353 F. Supp.3d 641, 648 (E.D. Mich. 2019).

qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794.

To qualify for protection under the FHA, ADA, or Rehabilitation Act, a plaintiff must demonstrate that he is disabled under the meaning of those statutes. *See* 42 U.S.C. § 12102 (ADA; defining disability as "a physical or mental impairment that substantially limits one or more major life activities"); 42 U.S.C. § 3602(h) (FHA; defining "handicap" similarly); 29 U.S.C. § 705(20) (Rehabilitation Act; defining "disability" as defined in ADA).

Here, Plaintiff has failed to identify any impairment or disability. In order to properly plead an FHA, ADA, or Rehabilitation Act claim, Plaintiff must set forth facts demonstrating that he is disabled, alleging a "physical or mental impairment that substantially limits one or more major life activities." *Id.* The absence of such allegations subjects Plaintiff's claim to dismissal. *See Fulakis v. Columbus Pub. Sch.*, 53 Fed. Appx. 340, 342 (6th Cir. 2002) (affirming dismissal of claim when plaintiff failed "to set forth any facts that would demonstrate that she satisfies the definition of 'disabled' for purposes of the ADA"); *Overlook Mut. Homes, Inc. v. Spencer*, 415 Fed.

Appx. 617, 621 (6th Cir. 2011) (elements of FHA claim include that the plaintiff "suffers from a disability within the meaning of FHA"); *Currie v. Cleveland Metro. Sch. Dist.*, 2015 WL 4080159, at *3-4 (N.D. Ohio July 6, 2015) ("A complaint alleging an ADA violation is properly dismissed for failure to identify a disability."); *Doe v. Salvation Army in U.S.*, 531 F.3d 355, 357 (6th Cir. 2008) ("We review claims brought under the Rehabilitation Act as we would claims brought under the Americans with Disabilities Act of 1990.").

Absent a showing that he is disabled within the meaning of the FHA, ADA, or Rehabilitation Act, Plaintiff cannot state a federal claim for relief. Plaintiff's claims otherwise fall into the category of complaints regarding the maintenance of his apartment, which are not cognizable in this court. *See Johnson v. City of Detroit*, 446 F.3d 614, 627 (6th Cir. 2006) (holding section 8 tenants do not have individually enforceable federal rights for "safe and habitable" housing).

In addition, Plaintiff fails to make any factual allegations or identify any wrongdoing on the part of the individual defendants. Accordingly, Plaintiff has failed to state a claim against them.

Therefore, IT IS HEREBY ORDERED that Plaintiff's application to proceed without the prepayment of fees (ECF No. 2) is GRANTED and his complaint is DISMISSED for failure to state a claim.

Dated: March 19, 2021

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 19, 2021, by electronic and/or ordinary mail and also on Douglas J. Johnson, 5234 Perry Rd., Grand Blanc, MI 4843.

s/Brianna Sauve
Deputy Clerk