UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS J. JOHNSON,

    Plaintiff,

v.

EAST TAWAS HOUSING
COMMISSION, *et al.*,

    Defendants.
_____/

Case No. 21-10437
Hon. George Caram Steeh

ORDER DENYING MOTION TO
VACATE JUDGMENT (ECF NO. 14)

    Appearing pro se, Plaintiff filed his complaint and an application to proceed in forma pauperis on February 8, 2021. The court granted the application and reviewed the complaint pursuant to 28 U.S.C. § 1915(e). Finding that Plaintiff failed to state a claim upon which relief could be granted, the court summarily dismissed the complaint. ECF No. 4.

    Plaintiff appealed, and the Sixth Circuit affirmed on November 9, 2021, concluding that the court correctly dismissed Plaintiff's complaint. ECF No. 12. On January 26, 2022, Plaintiff filed a motion entitled Motion to Vacate a Default Judgment. Based upon Plaintiff's papers, and because no default judgment was entered in this case, the court will construe Plaintiff's

motion as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

Rule 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Plaintiff appears to argue that the judgment is void, citing Rule 60(b)(4) and *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010).

"[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *Espinosa*, 559 U.S. at 270. A judgment is not rendered void simply because it is incorrect. *Id.* Rather, "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of

-2-

jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271.

Plaintiff has not identified a jurisdictional or due process error here. Although he seems to take exception to the fact that the court dismissed his complaint before service to the defendants and without a jury trial, this initial screening process is required by statute. 28 U.S.C. § 1915(e)(2). Moreover, the Sixth Circuit agreed that Plaintiff failed to state a claim and affirmed the court's judgment.

Plaintiff has not demonstrated that the judgment is void or that any other subsection of Rule 60(b) applies. Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to vacate judgment is DENIED.

Dated: March 10, 2022

                                       s/George Caram Steeh
                                       GEORGE CARAM STEEH
                                       UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 10, 2022, by electronic and/or ordinary mail and also
on Douglas J. Johnson, 3325 Grange Hall Road,
Apt. 204, Holly, MI 48442.

s/Brianna Sauve
Deputy Clerk